STATE, Appellant, vs. WILLSTEAD, Respondent.

*December 7, 1945—January 8, 1946.*

For the appellant there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

For the respondent there was a brief by *Donovan, Gleiss & Goodman* of Tomah, and oral argument by *William M. Gleiss.*

WICKHEM, J.    Defendant was licensed to practice in Wisconsin on September 16, 1942.    On or about January 27, 1944, he was convicted in the district court of the United States

for the Western district of Wisconsin upon a plea of guilty to four separate counts of one indictment, three of these charging that defendant, not in the course of his professional practice, and not for legitimate and medical purposes but to satisfy addiction, prescribed morphine sulphate hypodermic tablets for certain named persons, and the fourth charging that he wilfully, unlawfully, and feloniously sold to certain named non-medical addicts the same substance, not in the course of his professional practice, and not for legitimate and medical purposes, but to satisfy the addiction of the purchasers. The complaint in this action alleges the foregoing facts and demands revocation of defendant's license under the provisions of sec. 147.20, Stats.

Defendant's answer admits the conviction and "informs the court that he entered his plea to said charges without the advice of counsel and that he prescribed for the persons therein named in the course of his professional practice and that in his belief and judgment it was necessary and for the benefit of said persons . . . that, in his opinion, the prescriptions given for the drug were proper and not contrary to law and that his plea entered in said action should not have been made."

Without reviewing, for the moment, the contents of affidavits attached by the state to its motion papers which tend to show that defendant was duly warned of his liability to prosecution, and that he had no excuse for making the prescriptions and sales, and those of defendant's affidavit to the effect that he made the prescriptions and sold the drugs in the exercise of a reasonable medical judgment, we shall proceed to what we think is the determining factor in this case.

The state contends that conviction of an offense involving moral turpitude requires the revocation of defendant's license, and that the prescription or sale of narcotics to an addict to satisfy the addict's addiction is an act involving moral turpitude. Defendant does not contest the latter point and, indeed, there could be little room for questioning the soundness of the

state's contention. Defendant's position is that upon a civil action brought to revoke a license under sec. 147.20, Stats., defendant has the right to explain and qualify the facts and circumstances surrounding conviction for the purpose of showing that he was not in fact guilty of conduct actually involving moral turpitude.

Sub. (1) of sec. 147.20, Stats., specifically includes "conviction of an offense involving moral turpitude" within the definition of immoral or unprofessional conduct. Sub. (3) of sec. 147.20 provides that upon the conviction of a crime committed "in the course of his professional conduct, the clerk of the court shall file with the board of medical examiners a certified copy of the information and of the verdict and judgment, and upon such filing the board *shall* revoke the license or certificate."

Sub. (2) of sec. 147.20, Stats., provides for an alternative procedure which was followed here. This subsection provides: "Upon verified complaint in writing to the district attorney charging the holder of a license or certificate of registration from the state board of medical examiners with having been guilty of immoral or unprofessional conduct, . . . the district attorney shall bring civil action in the circuit court against the holder and in the name of the state as plaintiff to revoke the license or certificate. . . ." The section then proceeds: "If the court or the jury finds for the plaintiff, judgment *shall be rendered* revoking the license or certificate, and the clerk of the court shall file a certified copy of the judgment with the board of medical examiners. . . ." Since sec. 147.20 includes conviction of a crime involving moral turpitude within the definition of immoral or unprofessional conduct, and requires revocation of a license upon a finding for plaintiff in the civil action prescribed by sub. (2), it is clear to us that conviction of a crime involving moral turpitude is a separate, distinct, and independent ground for revoking a license and that facts and circumstances claimed to qualify or

render innocuous the acts resulting in conviction may not be set up in the civil action. The statute specifically makes the conviction, and not the facts upon which it is grounded, the cause for revoking the license. Since, in this case, defendant in his pleadings admits conviction of an offense involving moral turpitude he is left without defense in the action, and a motion for judgment on the pleadings could have been made with as much propriety as the motion for summary judgment.

*By the Court.*—Order reversed, and cause remanded with directions to enter judgment in accordance with the demands of plaintiff's complaint.